## BATSNER et v AMERINGER

Ohio Appeals, 1st Dist, Hamilton Co

No 5083. Decided July 6, 1936

C. Donald Calhoun, Cincinnati, for appellants.

Andrew W. Kops, Cincinnati, for appellee.

## OPINION

By ROSS, PJ.

Appeal on questions of law from the Court of Common Pleas of Hamilton County.

The appellants sold the appellee first a truck, a six wheel Diamond T—2 ton truck second a Premier Van Type four wheel trailer, and third a used four wheel Diamond T truck.

The first sale is not involved in this litigation. The second sale was the subject of a companion suit in which the judgment was in favor of the appellants, and it is not involved in this litigation.

The third sale is brought under consideration by this appeal. The appellants brought suit, alleging as a first cause of action replevin, an affidavit being filed therewith. As a second cause of action, they alleged the non-payment of certain notes covered by a chattel mortgage.

The amended answer of the appellee admits the purchase of the truck mentioned in the amended petition.

It is alleged however that at the time of the purchase of such truck, it was warranted to haul a trailer carrying a load of six tons, and that the truck broke down when such load was attempted to be carried. It is stated that the appellee relied upon such warranty and executed the notes and mortgage set out in the amended petition, "but that the breach of plaintiff's warranty is in effect a failure of consideration of said note."

It is not alleged that the appellee offered to return the truck or that notice of rescission of the contract was given appellants.

The record develops a complete variance from the defense set up in the amended answer.

The facts appear in the statement of the defense witnesses. It appears that the appellees purchased in November, 1934 a truck which the appellees claim was warranted to pull a six ton loaded trailer. This trailer was delivered in the early part of May, 1935. Upon attempting to haul the loaded trailer the truck purchaser in November broke down. Now the truck is not the subject of litigation. No suit has been filed with reference thereto and as far as the record shows it is still in the possession of the appellees who have never offered to return it or given notice of rescission of the original sale. After the breakdown of the original truck and its repair by appellees, the matter of supplying a suitable combination to haul a load upon the truck and a six ton load on the trailer was taken up with appellants. Louis, a witness for appellee, stated:

"A. Then I went to Mr. Batsner and I explained my difficulty to him and he suggested we take the body from that trailer and put it on a used chassis he had in his place to haul that extra six ton, and haul it with two trucks instead of a truck and a four wheel trailer. This truck he sold me to put that body on was not heavy enough to load six ton on so he suggested putting a Ford rear axle that he had laying out there under this truck in addition to the axles that were under it, making it a double rear axle with wheels on each side of each axle. That suggestion I did not think would work out. I suggested to take the front axle from the four wheel trailer which was considerably heavier, that was done, and it did not work out.

Q. Why didn't it work out?

A. After loading six ton on it they used it several months, and the first time we got a load to load it to capacity, I mean, six ton, the rear axle on that truck broke down.

Q. That is the second truck?

A. That is the second truck.

Q. That was a used truck?

A. That was a used truck, rebuilt by Batsner Brothers. After we had the trouble, I had so much money put into it, and we had so much trouble I turned it back to Mr. Batsner, and I told him I would take my loss on it * * *

Q. (Interrupting) Which truck was that?

A. The second truck, and the trailer.

Q. You turned both back to them?

A. Yes.

THE COURT:

Q. You say you would take your loss on it?

A. I paid $500.00 into that trailer when I bought it, and I paid several notes.

Q. What do you mean when you said you would take your loss?

A. I considered that my loss, and that amounted to about $700.00 or $800.00.'

It will be noted that in the amended answer the complaint is that the truck would not haul the trailer while the evidence shows that the used chassis (third purchase), upon which the body of the trailer (second purchase) was placed would not sustain the load, although the chassis had been reinforced with an additional axle.

This chassis was not understood by the appellee as designed to pull anything. It was not in the real sense a truck ▮ so that the evidence and the pleading are wholly at variance. The court presented only two issues to the jury in respect to the warranty. First, the existence of a warranty, and, second, the breach thereof. The court in its charge states:

"These pleadings and the evidence raise what we call the issues in the case, and in each case the issue is this:

"Did the plaintiffs make the warranties set forth in the answer, and did the warranty prove to be untrue, or were the goods purchased not such as was warranted and represented, if such warranty and representation was made?"

A vendee has under the sales act a number of options when a breach of warranty is relied upon. §8449, G.C. ▮ The buyer may accept the goods and set up against the seller the breach of warranty by way of recoupment in diminution or extinction of the price. Again, after the goods have been received the buyer may rescind the contract of sale, although executed, return or offer to return them and hold them subject to the seller's order. 35 Ohio Jur., 983, Crooks & Co. v Eldridge & Higgins Co., 64 Oh St, 195. Apprrently that was what was attempted to be done in this case. However, as pointed out before there is confusion in the nature of the warranty and variance as to the proof.

In addition, the court failed ▮ to charge that proof of a return of the truck or offer to return was an essential element of the case of the appellee.

For these reasons, the judgment is reversed and the case remanded to the Court of Common Pleas for a new trial.

MATTHEWS and HAMILTON, JJ, concur